FILED

**NOT FOR PUBLICATION**

APR 16 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRASIELA LEDEZMA-GALVAN, aka Graciela Ledesma, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72740 <br><br> Agency No. A079-625-980 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010<sup>**</sup>

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Grasiela Ledezma-Galvan, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's removal order.  We have jurisdiction pursuant to 8 U.S.C.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

§ 1252. We review de novo constitutional questions and questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and we deny the petition for review.

The BIA properly concluded that Ledezma-Galvan was ineligible for pre-hearing voluntary departure because she failed to withdraw her application for cancellation of removal. *See* 8 C.F.R. § 1240.26(b)(1)(i)(B). Contrary to Ledezma-Galvan's assertion, an alien's eligibility for voluntary departure is a question of law which the BIA is permitted by regulation to review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii). It follows that Ledezma-Galvan's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**